UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAAS SHIPPING LTD, OSR ROTTERDAM BV, HELLAS CONFIDENCE SHIPMGMT SA, NST ENTERPRISE SA, BELSHIPS MANAGEMENT SINGAPORE AND BELSHIPS ASA** | CIVIL ACTION<br><br>NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE |
| **VERSUS** | |
| **M/V F.R. BIGELOW,** *in rem*, **INGRAM BARGE CO.,** *in personam*, **M/V CSS ATLANTA,** *in rem*, **CSS ATLANTA, INC.,** *in personam*, **and CARLINE MANAGEMENT COMPANY, INC.,** *in personam* | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, come plaintiffs: (1) Maas Shipping Ltd, OSR Rotterdam BV and Hellas Confidence Shipmgmt SA, foreign corporations owning and managing the M/V MAAS CONFIDENCE (collectively, "MAAS CONFIDENCE interests"); and, (2) NST Enterprise SA, Belships Management Singapore and Belships ASA, foreign corporations owning and managing the M/V BELFOREST (collectively, "BELFOREST interests") and for their Verified Complaint against: the M/V F.R. BIGELOW, *in rem*, her owner and manager Ingram Barge Co., *in personam* (collectively, "F.R. BIGELOW interests"); the M/V CSS ATLANTA, *in rem*, her owner CSS Atlanta, Inc., *in personam*, and her manager Carline Management Company, Inc., *in personam* (collectively, "M/V CSS ATLANTA interests"); aver upon information and belief as follows:

1

1.

Made defendants herein are:

(a)     M/V F.R. BIGELOW, *in rem*, and her owner and manager, Ingram Barge Co., *in personam*, a non-Louisiana business corporation with its domicile in Nashville, Tennessee, which at all times pertinent hereto was authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court as the owner and operator of the M/V F.R. BIGELOW.  The F.R. BIGELOW was pushing a flotilla of barges that collided with the M/V CSS ATLANTA flotilla which caused allisions with and damage to anchored M/V MAAS CONFIDENCE and anchored M/V BELFOREST.

(b)     M/V CSS ATLANTA, *in rem*, her owner CSS Atlanta, Inc., and her manager Carline Management Company, Inc., *in personam*, Louisiana business corporations domiciled in Geismar, Louisiana, which at all times pertinent hereto were authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court, as the owner and operator of the M/V CSS ATLANTA.  The M/V CSS ATLANTA was pushing a flotilla of barges that collided with the M/V F.R. BIGELOW flotilla which caused allisions with and damage to anchored M/V MAAS CONFIDENCE and anchored M/V BELFOREST.

2.

This is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Venue is proper in this judicial district since the events giving rise to this claim occurred in this district.

4.

M/V F.R. BIGELOW interests and M/V CSS ATLANTA interests are subject to the personal jurisdiction of this court because the tortious acts complained of occurred in Louisiana.

5.

On 17 January 2019, the M/V MAAS CONFIDENCE was properly and safely anchored at the upper end of Burnside Anchorage, Mile Marker 165.8, in the Lower Mississippi River.  At all material times, M/V MAAS CONFIDENCE was owned and managed by Maas Shipping Ltd, OSR Rotterdam BV, and Hellas Confidence Shipmgmt SA.

6.

On 17 January 2019, the M/V M/V BELFOREST was properly and safely anchored towards the middle of Burnside Anchorage, Mile Marker 165.6, in the Lower Mississippi River. At all material times, M/V BELFOREST was owned and managed by  NST Enterprise SA Belships Management Singapore and Belships ASA

7.

During the morning of 17 January 2019, the M/V F.R. BIGELOW apparently lost steering or power and/or control of her tow and began moving from the west bank of the river to the east bank of the river towards Burnside Anchorage.  Despite M/V F.R. BIGELOW flotilla's movement towards the anchorage, the M/V CSS ATLANTA and her tow continued to navigate upriver at elevated engine speeds between the anchorage and the out of control M/V F.R. BIGELOW flotilla. The negligent navigation of both flotillas resulted in  collision causing allisions with and damage to anchored ships M/V MASS CONFIDENCE and M/V BELFOREST.

8.

As a result of the allision, the M/V MAAS CONFIDENCE had to be taken out of service and repaired.

9.

As a result of the allision, the M/V BELFOREST had to be taken out service and repaired.

10.

M/V F.R. BIGELOW interests and M/V CSS ATLANTA interests are jointly and severally liable for the damages suffered by M/V MAAS CONFIDENCE interests and M/V BELFOREST interests as the allisions were caused and/or contributed to by the fault and/or lack of due care on the part of both M/V F.R. BIGELOW interests and M/V CSS ATLANTA interests for their failure to exercise ordinary and reasonable care, specifically:

1. Operating negligently in high river conditions;

2. Failing to maintain a seaworthy vessel;

3. Navigating at excessive speeds;

4. Failing to hold to permit safe passage;

5. Navigating too close to anchored ships with deteriorating traffic conditions;

6. Failing to maintain proper lookouts;

7. Negligently striking anchored ships;

8. Losing control of their respective tows;

9. Failing to comply with the Inland Navigation Rules;

10. Failing to determine risk of collision and take action to avoid collision;

11. Continuing to navigate at elevated speeds towards an out of control flotilla;

12. Failing to comply with the Vessel Bridge-To-Bridge Radiotelephone Act; and

13. Other acts of negligence to be established at the trial of this matter.

11.

The aforementioned negligence and unseaworthiness were within the privity and knowledge of M/V F.R. BIGELOW and M/V CSS ATLANTA interests.

12.

Further, M/V F.R. BIGELOW interests and M/V CSS ATLANTA interests are jointly and severally liable for the damages caused by the allisions with the M/V MAAS CONFIDENCE and M/V BELFOREST under the Pennsylvania Rule, the Oregon Rule, the Louisiana Rule and/or under the doctrine of *res ipsa loquitur*, as well as other acts of negligence, strict liability or other fault to be proven at the trial of this matter.

13.

Further, as a result of their negligence, M/V F.R. BIGELOW interests and M/V CSS ATLANTA interests are jointly and severally liable to M/V MAAS CONFIDENCE interests and M/V BELFOREST interests for all survey costs and repairs to M/V MAAS CONFIDENCE and M/V BELFOREST, loss of use and loss of profits, prejudgment interest and other damages in the total approximate amount of $70,000 for M/V MAAS CONFIDENCE and $650,000 for M/V BELFOREST.

14.

WHEREFORE, after due proceedings had, M/V MAAS CONFIDENCE and M/V BELFOREST interests respectfully pray that:

1. Process in due form of law in causes of admiralty and maritime jurisdiction may issue against the M/V F.R. BIGELOW and M/V CSS ATLANTA their engines, tackle, apparel, etc., *in rem*, and that all persons having or claiming any interest in said vessels be cited to appear and answer;

2. That the vessels be condemned and sold to pay the amount due plaintiffs with interest and costs;

3. That there be judgment in favor of M/V MAAS CONFIDENCE and M/V BELFOREST interests and against M/V F.R. BIGELOW and M/V CSS ATLANTA interests, for the full amount of damages sustained by M/V MAAS CONFIDENCE and M/V BELFOREST interests;

4. That plaintiffs receive all other general equitable relief to which M/V MAAS CONFIDENCE and M/V BELFOREST interests may be entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Kevin J. LaVie*
Kevin J. LaVie (Bar #14125)
Adam N. Davis (Bar #35740)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: kevin.lavie@phelps.com
Email: adam.davis@phelps.com

ATTORNEYS FOR PLAINTIFFS MAAS SHIPPING LTD, OSR ROTTERDAM BV, HELLAS CONFIDENCE SHIPMGMT SA, NST ENTERPRISE SA, BELSHIPS MANAGEMENT SINGAPORE, AND BELSHIPS ASA